## AFFIDAVIT IN SUPPORT OF

## AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Michael Schreiber, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am currently employed as a Special Agent with Homeland Security Investigations (HSI), a division of the U.S. Department of Homeland Security and have held this position since March 2025. I am currently assigned to the Homeland Security Task Force (HSTF) in San Juan, Puerto Rico, where I am responsible for investigating international narcotics trafficking and transnational criminal organizations involving both foreign and domestic sources of supply.

2. I have over twenty years of experience in law enforcement, beginning my career with four years of service in the United States Coast Guard (USCG). During my tenure, I achieved the rank of E4 Petty Officer Third Class and was responsible for intelligence operations, radar systems, and law enforcement duties. I completed an 80-hour law enforcement academy in Petaluma, CA, where I trained to become a law enforcement boarding team member. This intensive program covered Federal Maritime Law, enforcement tactics, and use of force policies and procedures.

3. After receiving an honorable discharge from the USCG, I served as a police officer with the Baltimore City Police Department and the Annapolis City Police Department in Maryland, as well as the Fairfax County Police Department in Virginia. Collectively, I dedicated 17 years to local law enforcement across these agencies.

4. I also served as a Customs and Border Protection (CBP) Officer in Miami and San Juan, Puerto Rico, for approximately four and a half years. In this role, I was responsible

for conducting examinations and performing apprehensions, detentions, and arrests related to the arrival and departure of individuals, conveyances, and merchandise at ports of entry. My duties included gathering and analyzing intelligence, searching persons, vessels, baggage, and cargo for contraband or weapons, and executing detentions or arrests as necessary. I have experience in the seizure of drugs, drug paraphernalia, and other prohibited items.

5.    I have completed over 2,000 hours of academic training focused on legal principles applicable to federal, state, and local law enforcement agencies, including 900 hours at the Federal Law Enforcement Training Center. During my time at the academy, I gained comprehensive knowledge of the legal framework governing federal law enforcement duties and responsibilities, with an emphasis on constitutional law, authority and jurisdiction, policies and procedures, and search and seizure practices.

6.    My additional law enforcement training includes advanced problem-solving techniques, interviewing both victims and suspects, and developing extensive report writing skills. I have also served as an affiant and co-affiant on multiple narcotics-related search and arrest warrants, which resulted in the successful apprehension of suspects and seizure of illegal drugs and related contraband.

7.    I have made over 1,000 arrests of individuals involved in a range of felony and misdemeanor offenses against both persons and property. Additionally, I have provided testimony in federal, state, and local courts for cases involving both felony and misdemeanor crimes. I hold a bachelor's degree in business management from the University of Phoenix.

8.    As a HSI Special Agent, I have received formal and on-the-job training. I have attended the Criminal Investigator Training Program and the HSI Special Agent Training at the Federal Law Enforcement Training Centers in Glynco, Georgia. I was trained to conduct

2

criminal investigations related to narcotics, currency, firearms, contraband smuggling, interdiction and distribution activities, among others. In this position, I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. As a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in the analysis of evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. I am also a "customs officer" and am familiar with Title 19 of the United States Code.

9. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

10. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 963, 952, and 960(b)(1)(A)(ii); 18 U.S.C. §§ 922(g)(5) and 924(c), 18 U.S.C. § 2199; and 8 U.S.C. § 1326 have been committed by **Julio Jeury TEJADA CONTRERAS**.

3

## PROBABLE CAUSE

1.      On June 9, 2026, USCG Cutter (USCGC) *Joseph Tezanos* was conducting enhanced patrol in support of counter narcotics efforts in the Atlantic Ocean, near Puerto Rico. A USCGC *Joeseph Tezanos* Boarding Team boarded *Crimson Clover* Barge approximately 15 nautical miles north of Arecibo, PR, to conduct an at sea inspection for potential stowaways.

2.      Upon boarding *Crimson Clover* Barge, USCG boarding team personnel encountered the **TEJADA CONTRERAS**, along with 9 bales of suspected contraband, later confirmed through field testing to be cocaine, and a HS2000 Serial Number# 37637, 9MM Handgun in his waistband.

3.      **TEJADA CONTRERAS** did not have the consent of the owner, charterer, master, or person in command of *Crimson Clover* Barge, and it was later determined he boarded *Crimson Clover* Barge with the intent to be transported to San Juan, Puerto Rico.

4.      USCG investigation revealed **TEJADA CONTRERAS** is a citizen of the Dominican Republic and his date of birth is 01-03-2005.

5.      **TEJADA CONTRERAS**, the nine bales of suspected cocaine, and the handgun were transferred from USCGC *Joseph Tezanos* to USCGC *Isaac Mayo*, where the weight of the nine bales of suspected cocaine was determined to be approximately 275 kilograms.

6.      USCGC *Isaac Mayo* transported **TEJADA CONTRERAS,** the 9 bales of cocaine, and the handgun to USCG Sector San Juan in San Juan, Puerto Rico, and transferred custody of the **TEJADA CONTRERAS**, the nine bales of suspected cocaine and handgun to HSI Special Agents.

4

7.      On June 10, 2026, at approximately 11:20 AM, at CBP San Juan Field Office facilities, HSTF personnel advised **TEJADA CONTRERAS** of his Miranda rights in Spanish.  He waived his rights and agreed to speak with law enforcement officers, answering questions about the events. During the interview, **TEJADA CONTRERAS** stated in sum and substance:

    a.   A group of people took him from the Dominican Republic on a small vessel to embark on *Crimson Clover* Barge.

    b.  Once on *Crimson Clover* Barge, he was given the bales of cocaine, a white bucket with lid containing one (1) handgun, one (1) magazine of ammunition, one (1) handheld global positioning system (GPS), and two (2) satellite very high frequency radio (VHF) with seven (7) batteries.

    c.  He was given orders to always keep the satellite radios on.

    d.  During the voyage, he had conversations via radio to pass the location of the barge multiple times.

    e.  He was waiting to receive the order to throw the bales of cocaine overboard and jump with them in the water.

    f.  Once in the water, he was supposed to stay tied up to the cocaine bales and wait for a vessel to pick him up.

8.      HSI Special Agents conducted an immigration inspection on the **TEJADA CONTRERAS** and determine he is inadmissible to the United States and not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States.

5

9.  Further immigration records checks revealed the following:

a.  On January 15, 2026, **TEJADA CONTRERAS** was encountered in San Juan, Puerto Rico, while being present in the United States without legal documentation. U.S. Border Patrol Agents issued an expedited order of removal for the **TEJADA CONTRERAS**.

b.  On January 21, 2026, **TEJADA CONTRERAS** was removed from the United States through San Juan, PR, to the Dominican Republic.

10.  Record checks also revealed that as of June 10, 2026, **TEJADA CONTRERAS** had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services. Furthermore, **TEJADA CONTRERAS** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter or remain in the United States.

[INTENTIONALLY LEFT BLANK]

## CONCLUSION

1.    Based on the forgoing, and based upon my training, experience, and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that **TEJADA CONTRERAS** violated: 21 U.S.C. §§ 963, 952, and 960(b)(1)(A)(ii), Conspiracy to import and attempted importation of five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; 18 U.S.C. §§ 922(g)(5) and 924(c), transportation of a firearm and ammunition by an alien unlawfully in the United States and carrying of a firearm during and in relation to a drug trafficking crime; 18 U.S.C. § 2199, Stowaway on a vessel; and 8 U.S.C. §1326(a), Re-entry of removed alien.

Respectfully submitted,

**MICHAEL W SCHREIBER**
Digitally signed by MICHAEL W SCHREIBER
Date: 2026.06.10 17:27:58 -04'00'

Michael Schreiber
Special Agent
Homeland Security Investigations

Subscribed and sworn pursuant to FRCP 4.1 on this __11th__ day of June 2026, at 10:51 am by telephone.

_____
HONORABLE MARIANA BAUZÁ ALMONTE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO